**Edelson PC**

350 North LaSalle, Suite 1300, Chicago, IL 60654
t 312.589.6370 f 312.589.6378

www.edelson.com

January 28, 2014

Ms. Molly Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

    Re:    Federal Rule of Appellate Procedure 28(j) Notice of Supplemental Authority: *Baxter v. Rodale, Inc.*, Case No. 12-56925

Dear Ms. Dwyer:

    Plaintiff-Appellant Charlotte Baxter submits the enclosed supplemental authority, decided after Baxter filed her Opening and Reply Briefs: *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, __ F.R.D. __, No. 11-MD-2258 (AJB), 2014 WL 223677 (S.D. Cal. Jan. 21, 2014) (hereinafter cited as *In re Sony*). *In re Sony* supports Baxter's argument that California's Shine the Light ("STL") law, Cal. Civ. Code § 1798.83, allows consumers to seek injunctive relief *without* suffering actual damages.

    In *In re Sony*, Judge Battaglia analyzed a complaint stemming from a breach of Sony's computer systems. *In re Sony*, 2014 WL 223677 at *1-2. The complaint brought a claim under the California Database Breach Act ("DBA"), Cal. Civ. Code § 1798.82, which is found in the same title—and shares the same statutory remedies provision, Cal. Civ. Code § 1798.84—as the STL law. *Id.* at *52. Analyzing the remedies available under the DBA, Judge Battaglia denied Sony's motion to dismiss insofar as the plaintiffs sought injunctive relief and in so doing distinguished between the statutory standing required to pursue actual damages and injunctive relief. *Id.* at *53. Specifically, Judge Battaglia held that though the plaintiffs hadn't alleged actual damages and therefore could not pursue relief under § 1798.84(b), the plaintiffs could still "pursue their injunctive relief claims under § 1798.84(e)," because that section "affords relief when a 'business violates,

**Illinois / Colorado / California**

**Edelson PC**

proposes to violate, or has violated' the DBA . . . ." *Id.* (quoting Cal. Civ. Code § 1798.84(e)).

Accordingly, *In re Sony* supports Baxter's argument that the STL law provides a remedy in § 1798.84(e) that is available whether or not a plaintiff has suffered actual damages. (*See* Opening Brief, at 33-36; Reply Brief, at 14-16.)

        Respectfully submitted,

        /s/ Steven L. Woodrow
        Steven L. Woodrow
        swoodrow@edelson.com
        EDELSON PC
        999 West 18th Street, Suite 3000
        Denver, Colorado 80202

        Counsel for Plaintiff-Appellant Charlotte Baxter

cc: All counsel via ECF

**Illinois / Colorado / California**